UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 08-165-HRW

JERRY SIZEMORE,                                              PLAINTIFF,

v.                  **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on September 9, 2004, alleging disability beginning on August 19, 2003, due to back problems, herniated disc, bulging discs, nervousness and neck problems.

This application was denied initially and on reconsideration. On August 1, 2007, an administrative hearing was conducted by Administrative Law Judge Donald Rising (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On September 25, 2007, the ALJ issued his decision finding that Plaintiff was not disabled.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffered from a combination of degenerative disc disease of the cervical and lumbar spine, hypertension, anxiety and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 14-16).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16). In doing so, the ALJ specifically considered listings 12.00. 12.04, and 12.09 (Tr. 16-18).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 20) but determined that he has the residual functional capacity ("RFC") to perform a range of light work, with certain restrictions as set forth in the hearing decision (Tr. 18-20).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 21). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential

3

evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 4, 2008 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

4

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in evaluating Plaintiff's testimony regarding his pain, symptoms and limitations; (2) the ALJ did not adequately consider the effect of Plaintiff's pulmonary impairment on his ability to work and (3) the limitations in the hypothetical question posed to the VE did not accurately portray Plaintiff's impairments.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ erred in evaluating Plaintiff's testimony regarding his pain, symptoms and limitations.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the

5

ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his pain and numbness were "not entirely credible" (Tr. 19). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. For example, the record reveals only conservative treatment with no referrals to surgery or other aggressive measures. Further, the notes of Plaintiff's examinations attest to basically normal neurological findings with no musculoskeletal findings, as would be expected in the presence of severely limting pain and discomfort. Nor do the physicians of record suggest disabling impairment. Thus, as the ALJ found, although Plaintiff's medical condition would reasonably be expected to cause some symptoms, the medical evidence does not support the degree of disability alleged by him.

As for Plaintiff's contention that the ALJ did not provide a specific rationale for discrediting his subjective complaints, it is without merit. The record contains a detailed statement in this regard (Tr. 20).

Plaintiff's second claim of error is that the ALJ did not adequately consider the effect of Plaintiff's pulmonary impairment on his ability to work.

The Court is somewhat perplexed by this assertion as the record is devoid of

any indication of pulmonary impairment. Without any evidence of pulmonary impairment, neither the ALJ or this Court can assess the effect of the same upon Plaintiff's ability to perform work related activity.

Finally, Plaintiff argues that the limitations in the hypothetical question posed to the VE did not accurately portray Plaintiff's impairments. Specifically, Plaintiff contends that the hypothetical question should have included an actual diagnosis of depression.

Plaintiff argues, in effect, that the hypothetical must include a list of all claimant's medical conditions. This notion has been explicitly rejected by the Sixth Circuit. *Webb v. Commissioner of Social Security*, 368 F.3d 629 (6th Cir. 2004). Instead, the Sixth Circuit concluded that the hypothetical must accurately portray the work-related limitations which result from the diagnoses. *Id.* at 632-633.

The Court having reviewed the hypothetical finds that is complies with the pertinent legal standards in that it accurately describes a claimant's functional limitations. *See Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __5__ day of January, 2009,

_____
Henry R. Wilhoit, Jr., Senior Judge